**24 P.(2d) 727**

**In re DENVER & R. G. W. R. CO. et al.**

**No. 3873.**

Supreme Court of New Mexico.

July 13, 1933.

Gilbert & Hamilton, of Santa Fé, and T. R. Woodrow and T. A. White, both of Denver, Colo., for petitioners.

William J. Barker and Charles Fahy, both of Santa Fé, for protestants.

WATSON, Chief Justice.

The State Corporation Commission, by order of December 17, 1932, denied the petition of the railroad, express, and telegraph companies for authority to discontinue their joint agent and agency station at Lumberton, and by later order granted the petition of the companies to remove the proceeding to this court.

The cases of the express and telegraph companies depend upon that of the railroad company, and need no special mention.

A statement of the facts as shown in evidence would serve no useful purpose now. There is nothing necessarily to distinguish the present situation from those existing in Denton Bros. v. A., T. & S. F. R. Co., 34 N. M. 53, 277 P. 34, In re Denver & R. G. W. R. Co., 36 N. M. 106, 9 P.(2d) 139, In re Southern Pac. Co. et al., 37 N. M. 11, 16 P.(2d) 402, where enforcement of similar orders was refused.

The present order was made and is sought to be defended on the evident theory that Laws 1929, c. 26 (1929 Comp. St. § 116-1101 et seq.), controls, and that a railroad proposing discontinuance of an agency has the burden of proceeding and of proof. We have recently rejected that theory. In re Atchison, T. & S. F. Ry. Co., 37 N. M. 194, 20 P.(2d) 918. The matter stands as it did before the passage of the 1929 act. As to enforcement of the present order, the situation is not varied by the fact that the railroad, instead of closing its agency as it might have done (State Corporation Commission v. A., T. & S. F. R. Co., 32 N. M. 304, 255 P. 394), did apply for affirmative authority to close it (In re Southern Pac. Co., supra).

We think, however, that the fact just mentioned should be considered in disposing of the proceeding. Ordinarily, finding an order of the commission unsupported by the evidence, we merely refuse enforcement of it, and that particular proceeding is ended. Here the protestants evidently failed to understand the necessity of making an affirmative case. Otherwise the record might have been different. To this misunderstanding the companies contributed by their apparent acceptance of the validity of the statute.

The matter will be remanded to the commission, to the end that, if protestants should desire, the proceeding may be reopened, on proper notice to the companies, to enable the protestants to supplement the present record by further evidence, as they may be advised. It is so ordered.

SADLER, HUDSPETH, BICKLEY, and ZINN, JJ., concur.